UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:20-CR-00156-(01) (02) (07)** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DELEWIS JOHNSON, IV (01)** | |
| **ROY LEE JONES, JR. (02)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |
| **JUSTIN R. GOSS (07)** | |

**MEMORANDUM RULING**

Before the Court is a Notice of Intent to Use Evidence [Doc. No. 200] filed by the United States of America ("the Government") pursuant to Federal Rule of Evidence 404(b). An Opposition [Doc. No. 205] was filed by Defendant Justin R. Goss ("Goss") on October 25, 2021. A Reply [Doc. No. 207] was filed by the Government on October 27, 2021.

For the reasons set forth herein, the Government's motion is GRANTED.

**I.     BACKGROUND**

On July 22, 2020, a federal grand jury returned an Indictment against Delewis Johnson, IV ("Johnson"), Roy Lee Jones, Jr. ("Jones"), Goss, and others[1] with regard to various roles in distributing methamphetamine.  Count 1 of the Indictment alleges that Johnson, Jones, and Goss were involved in a conspiracy to distribute and possess with the intent to distribute methamphetamine between February 10, 2019 and December 31, 2019.  Johnson is also charged in Count 4 of the Indictment with distribution of methamphetamine on December 18, 2019.

The trial in this case is set for November 8, 2021.  On October 20, 2021, the Government filed a Notice of Intent to Use Evidence [Doc. No. 200] of other crimes committed by Goss,

---

[1] Four additional defendants have previously plead guilty.

pursuant to Federal Rule of Evidence 404(b).  Specifically, the Government gave notice of its intent to use two other crimes: (1) June 1, 2018, controlled purchase of methamphetamine, where Goss allegedly sold 55 grams of methamphetamine to a confidential informant; and (2) September 30, 2019, incident in which Goss and three other individuals were found inside a residence in Jonesboro, Louisiana, where Goss was in possession of methamphetamine, synthetic marijuana, and drug paraphernalia.

Goss filed an Opposition [Doc. No. 205], in which he asserts that the other crime evidence should be excluded at the trial.

## II.     LAW AND ANALYSIS

Federal Rule of Evidence, Rule 404(b) prohibits evidence of other crimes to prove a defendant's character.  However, Rule 404(b)(2) allows the other crime evidence to be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The Government maintains that this evidence should be admitted as extrinsic to the conspiracy charge alleged in Count 1 of the Indictment to show Goss's motive, knowledge, absence of mistake, and intent to commit the conspiracy.

Goss objects to the evidence of other crimes, arguing that those crimes have no legitimate purpose other than to disparage Goss' character.  Goss further argues the June 1, 2018 controlled purchase charge/arrest occurred before the dates of the alleged conspiracy, while the September 30, 2019 arrest is not connected to the conspiracy.

In *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), the Fifth Circuit stated that in determining whether evidence of other crimes should be admitted, the trial court must engage in a two-step process of evaluating the admissibility of such other crimes evidence:

(1) the extrinsic evidence must be relevant to an issue other than the defendant's character; and (2) the evidence must possess probative value that outweighs the danger of any unfair prejudice, confusion, misleading the jury, or needless presentation of cumulative evidence.

Goss is charged with conspiracy to distribute and possess with the intent to distribute methamphetamine. The Government asserts that both of the crimes involved methamphetamine, and the crimes show Goss's knowledge and intent. The June 1, 2018 crime was before the alleged conspiracy; however, the crime shows Goss had the intent to distribute methamphetamine and was not just a buyer/user.

The September 30, 2019 incident was during the term of the conspiracy. The possession of methamphetamine on September 30, 2019 is intrinsic to the conspiracy charge. Even if it were not intrinsic it is also admissible to show Goss's knowledge and intent. It also shows motive and absence of mistake.

In balancing the *Beecham* factors, this Court finds that both crimes are relevant to issues other than Goss's character. The evidence possesses probative value which outweighs the danger of any unfair prejudice to Goss, confusion, misleading the jury and needless presentation of cumulative evidence. Intent is hard to prove. The Government should be allowed to present this evidence to show Goss's intent.

To avoid prejudice to Goss, the Court will issue an appropriate limiting instruction to the jury, which will explain the purpose of the evidence and that the evidence is not to be used to show bad character on the part of Goss.

### III. CONCLUSION

For the reasons set forth herein, the Government's motion [Doc. No. 200] is GRANTED.

MONROE, LOUISIANA, this 29th day of October 2021.

                                                        TERRY A. DOUGHTY
                                                        UNITED STATES DISTRICT JUDGE