UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:20-CR-00156-(01) (02) (07)** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DELEWIS JOHNSON, IV (01)**<br>**ROY LEE JONES, JR. (02)**<br>**JUSTIN R. GOSS (07)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion in Limine [Doc. No. 198] filed by the United States of America ("the Government") in regard to an alleged conspiracy to distribute methamphetamine by the defendants, Delewis Johnson, IV, ("Johnson"), Roy Lee Jones, Jr., ("Jones"), and Justin R. Goss ("Goss").  An Opposition [Doc. No. 208] was filed by Jones on October 27, 2021.  A Reply [Doc. No. 211] was filed by the Government on October 31, 2021.

For the reasons set forth herein, the Government's Motion in Limine is GRANTED.

**I.      BACKGROUND**

On July 23, 2020, a federal grand jury returned an Indictment against Johnson, Jones, Goss, and others[1] with regard to various roles in distributing methamphetamine.  Count 1 of the Indictment [Doc. No. 2] alleges that Johnson, Jones, and Goss were involved in a conspiracy to distribute and possess with the intent to distribute methamphetamine between February 10, 2019, and December 31, 2019.  Johnson is also charged in Count 4 with distribution of methamphetamine.

---

[1] Four additional defendants have previously pled guilty.

The trial is set for November 8, 2021. The Government asks for a ruling that audio recordings of calls and text messages between Johnson and a confidential informant ("CI") are admissible at trial. The CI involved in these recordings and text messages is now deceased.

The Government also asks for the preclusion of a "missing witness" argument or jury instruction as to the failure of the Government to call the deceased CI as a witness at trial.

## II.     LAW AND ARGUMENT

### A.     Missing Witness

A missing witness instruction should not be granted unless the missing witness: (1) is peculiarly within one's power to produce; and (2) would provide testimony that will elucidate facts at issue. *United States v. Santos,* 589 F.3d 759, 764 (5th Cir. 2009).

The deceased CI is not within any party's power to produce at trial. Therefore, the Government is entitled to a pretrial ruling which prohibits argument and/or a jury instruction with regard to the failure of the Government to call the CI.

### B.     Audio Recordings and Text Messages

Additionally, the Government asks for a ruling of admissibility with regard to audio recordings of consensually recorded calls between Johnson and the CI. The Government alleges that it intends to establish a foundation for this evidence through the testimony of case agents.

There were no oppositions filed by Johnson and Goss. Jones' opposition argues that some of the recorded calls and/or text messages would be used to identify Jones as involved in the conspiracy. Since Jones would not be able to cross examine Johnson (a co-defendant) or the CI, this would be a violation of the confrontation clause, *Crawford v. Washington*, 541 U.S. 36 (2004). In *Crawford*, the United States Supreme Court held the confrontation clause prohibits: (1) testimonial out-of-court statements; (2) made by a person who does not appear at trial; (3)

received against the accused; (4) to establish the truth of the matter asserted; (5) unless the declarant is unavailable and the defendant had a prior opportunity to cross examine him. *Crawford*, 124 S.Ct. at 1,364-66.

The argument by Jones is that Johnson's statement implicating him cannot be used against him due to the Confrontation Clause.  However, Johnson, Jones, and Goss are charged in a conspiracy, and the Government seeks to admit these statements pursuant to Federal Rule of Evidence 801(d)(2)(E)

Federal Rule of Evidence 801(d)(2)(E) states:

(d)     Statements That Are Not Hearsay.  A statement that meets the following conditions is not hearsay:

(2)     An opposing Party's Statement.  The Statement is offered against an opposing party and:

(E)     was made by the party's conspirator during and in furtherance of the conspiracy.

Statements made by co-conspirators during the course and in furtherance of the conspiracy can be used against all co-defendants.  These statements are by their nature generally nontestimonial and are routinely admitted against an accused despite the absence of an opportunity for cross-examination.  *United States v. Holmes*, 406 F.3d 337, 348 (5th Cir. 2005).

The trial court is to determine whether hearsay statements of conspirators are admissible. At the conclusion of all the evidence, the trial court must determine whether the prosecution has satisfied the requirements of admissibility of hearsay statements of a conspirator by a preponderance of the evidence.  *U.S. v. Miliet*, 804 F.2d 853 (5th Cir. 1986).

For extrajudicial co-conspirator statements to be admissible: (1) there must be a conspiracy; (2) the statement must be made during the course and in furtherance of the

conspiracy; and (3) the declarant and the defendant must be members of the conspiracy. *United States v. James*, 590 F.2d 575, 578 (5th Cir.) (en banc), cert. denied, 442 U.S. 917 (1979).

Additionally, as to each specific defendant, a party's own out-of-court statement is not hearsay when it is offered against that party at trial. Fed. R. Evid. 801(d)(2)(A).

The statements are also arguably not "testimonial" in nature. They were non-hearsay statements made during an alleged conspiracy and not under interrogation. The text messages were allegedly monitored through law enforcement witnesses. The requirement of authorization or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question, text messages, is what its proponent claims. Fed. R. Evid. 901(a). A document may be authenticated with circumstantial evidence, including the document's own distinctive characteristics and circumstances surrounding its discovery. *In Re McLain*, 516 F.3d 301, 308 (5th Cir. 2008).

Therefore, upon proper foundation, the audio recordings and text messages will be admitted at trial.

### III. CONCLUSION

For the reasons set forth herein, the Government's Motion in Limine [Doc. No. 198] is **GRANTED**.

MONROE, LOUISIANA, this 1st day of November 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE