UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:20-CR-00156** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DELEWIS JOHNSON IV** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Delewis Johnson IV ("Johnson") [Doc. No. 358]. The United States of America ("the Government") filed an Opposition [Doc. No. 377], and Johnson filed a Reply [Doc. No. 379].

For the reasons stated below, Johnson's Motion is **DENIED**.

### I. BACKGROUND

Johnson faced two counts of a four-count indictment returned on July 22, 2020, and charging seven individuals with drug-related offenses.[1] Count one charged Johnson with conspiracy to distribute and possess with the intent to distribute methamphetamine.[2] Count four charged Johnson with distribution of methamphetamine.[3] On November 12, 2021, after a five-day trial, a jury found Johnson and a co-defendant guilty as charged.[4] Johnson was later sentenced to 405

---

[1] [Doc. No. 1].
[2] [Id., p. 1].
[3] [Id., p. 3].
[4] [Doc. Nos. 233, 237].

1

months' imprisonment.[5] On March 7, 2023, the United States Court of Appeals for the Fifth Circuit affirmed Johnson's conviction,[6] and an amended judgment was filed on November 14, 2023, to correct a clerical mistake.[7]

Johnson filed the pending Motion on October 11, 2024,[8] and sought relief under five separate avenues: (1) an ineffective assistance of counsel claim regarding his attorney's advisement to proceed to trial; (2) an ineffective assistance of counsel claim regarding his attorney's failure to object to certain testimonial statements; (3) requesting relief under Amendment 821, Part C of the United States Sentencing Commission's Guidelines; (4) requesting relief following an alleged state pardon; and (5) alleging that the charges in the Indictment were "legally ambiguous regarding methamphetamine purity."[9]

The Government maintained that Johnson's Motion is untimely and should be dismissed. On the other hand, Johnson claimed that he timely filed his Motion because a government-created impediment violated his "right of access" to this Court and prevented him from filing this Motion earlier.[10] The Court ordered an evidentiary hearing, which took place on May 15, 2025, to determine whether a government-created impediment existed that prevented Johnson from timely filing his Motion.[11]

The issues have been briefed, and the Court is prepared to rule.

---

[5] [Doc. No. 296].
[6] [Doc. No. 327].
[7] [Doc. No. 330].
[8] [Doc. No. 358].
[9] [Doc. No. 358-1, p. 24].
[10] [Doc. No. 379, p. 1].
[11] [Doc. No. 381].

## II.  LAW AND ANALYSIS

### A.  28 U.S.C. § 2255 Standard

A § 2255 motion is the primary means of collaterally attacking a federal sentence. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). The statute provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) that the Court lacked jurisdiction to impose such sentence; (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. §2255(a).

However, a prisoner relying on § 2255 only has one year to seek post-conviction relief. 28 U.S.C. § 2255(f). This one-year period runs from the latest of four possible dates, one of which is "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), and another of which is the date that an unlawful government-created impediment that prevented the movant from making the motion is removed. 28 U.S.C. § 2255(f)(2).

The Government pointed out that Johnson's conviction became final when the time for filing a certiorari petition expired—which was ninety days after the mandate was issued.[12] Since the judgment was entered on March 29, 2023, Johnson had one year and ninety days from that date to file his § 2255 motion.[13] With that in mind,

---

[12] [Doc. No. 377, p. 4].
[13] This Court's entry of an amended judgment to correct a clerical error on November 14, 2023, does not affect the one-year limitation since that amendment had no effect on the finality of Johnson's conviction. *Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017) ("Fixing typographical errors and the like does not substantively alter a prisoner's sentence, so a § 2255 motion filed after such a correction is still a challenge to the original judgment."). *See also United States v. Olvera*, 775 F.3d

3

the Government claimed that "Johnson's motion does not fall within the purview of any other clause in 28 U.S.C. § 2255(f)... [and] should be dismissed as untimely."[14]

### B. Johnson's Government-Created Impediment Claim

In responding to the Government's opposition, Johnson claimed for the first time that "from at least March 7, 2023, through October 10, 2024," the correctional facility holding Johnson ("Victorville") ordered several mandatory lockdowns which, in relevant part, denied him "adequate access to the prison law library or its legal mailbox," "access to case files, filings made on his behalf, trial transcripts, and court opinions," and "access to a jailhouse lawyer."[15] In other words, Johnson claims that the alleged impediments prevented him from filing his § 2255 motion sooner.

The Government brought forward several pieces of evidence contradicting Johnson's allegations. For starters, the Government provided the affidavit of Ana Simental, the Captain Secretary for the Federal Bureau of Prisons at Victorville.[16] Simental reviewed the prison's logs from May 2023 until December 2024 and testified that the facility only had approximately six lockdowns, with all but one resulting in a partial day lockdown.[17] Simental's testimony contradicts Johnson's claims that the prison was on lockdown two to three days per week, every week. Likewise, Michael Tesone, the Education Supervisor at Victorville, testified that from May 8, 2023, to October 11, 2024, "libraries were under normal operations, unless there was an

---

726, 729 (5th Cir. 2015) (holding that a modification of a sentence under Fed. R. Crim. Pro. 35(b) does not affect the finality of a criminal judgment).
[14] [Doc. No. 377, p. 5].
[15] [Doc. No. 379, p. 4].
[16] [Doc. No. 390-1, p. 102].
[17] [Id.].

4

institutional lockdown."[18] So no other instances—beyond the few lockdowns that occurred—that caused the library's closure. And finally, the Government relied on the testimony of Jermaine Diaz, an Assistant Trust Fund Supervisor at Victorville, to show that the prison's TRUACCESS computer system records calls into question the veracity of Johnson's testimony.[19] Diaz explained that Johnson's use of the prison's library was recorded through a personal inmate number and a report of Johnson's sign-ins shows that Johnson had made ample use of the law library throughout his confinement.[20] Johnson provided no contrary evidence other than his testimony.

After considering the evidence brought by Johnson and the Government, it's clear that Johnson has not surpassed the evidentiary hurdle to show that an unlawful impediment created by the Government prevented him from timely filing his § 2255 motion. Though Johnson claims that there were persistent prison lockdowns that interfered with his ability to seek postconviction relief, the Government's mounting evidence proves otherwise. Consequently, Johnson's § 2255 claims are time-barred and should be discarded.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Johnson's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 358] is **DENIED**.

---

[18] [Id., p. 13].
[19] [Id., p. 104].
[20] [Id., p. 104-105].

5

MONROE, LOUISIANA, this 20th day of May, 2025.

                                                Terry A. Doughty
                                              United States District Judge